## SUPREME COURT.

DANIEL W. POWERS agt. ANSON WOLCOTT and others.

ANSON WOLCOTT agt. DANIEL W. POWERS and others.

In actions in *equity*, commenced not " for the recovery of money, or real or personal property," such as an action to restrain the acceptors from paying a draft, &c., no *extra allowance* can be given—none is provided for in such cases.

An application for an extra allowance (in a proper case) should not be made until *all the litigation is ended.* The embarrassments and duties of the courts on this question, considered.

*Monroe Special Term, May,* 1856.

MOTION for extra allowance.

The first of these actions was upon a bill of exchange drawn by Anson Wolcott upon G. W. Rogers & Co., three of the defendants, and afterwards endorsed by John Craig, another defendant, and discounted by defendant D. W. Powers.

The second suit was an action in equity, to restrain the acceptors from paying the draft, and Powers from transferring it, and asking that the same be cancelled and declared void, for usury.

The place of trial, in the first cause, was Monroe, and the same was noticed for trial for the October circuit, 1855—1st January, 1856, and referred, at the adjourned circuit in March, to a sole referee.

The place of trial of the second cause was Niagara county. An injunction was allowed in the cause. Motion to dismiss the same made and granted, and cause twice noticed for special term, and appealed to general term from order dissolving injunction. Place of trial changed to Monroe, but before trial was referred to sole referee, and tried with the first entitled cause at same time; the trial occupying part of two days, and report for plaintiff in the first, and defendant in the second suit, by the referee. The first entitled cause was put upon the

calendar of short causes at the adjourned circuit in March, in Monroe, on motion of plaintiff's counsel, stating that it was a short cause, and could be tried within one hour.

JOHN H. MARTINDALE, *for Powers and Craig.*

E. J. CHASE, *for Wolcott.*

E. DARWIN SMITH, Justice. The application for extra allowance is upon the ground that the suits are difficult and extraordinary.

Such an allowance cannot be made in the suit in equity, for that was not commenced "for the recovery of money, or real or personal property;" and no provision for extra costs is made for such a case.

The first suit, separately considered, is an ordinary action on a bill of exchange for $3,000. It was put at issue, and twice put on the calendar, and then referred to a sole referee and tried. The defence of usury is not of itself a difficult one. The law of usury is clear, well settled, and well understood.

The case was one of fact, and necessarily within a narrow compass: five witnesses only were sworn on the trial. Extra costs cannot be allowed, on the ground that the suit was a difficult one. The inquiry then is, was it an *extraordinary* one. This term must apply to the general character of the cause—the nature and extent of the litigation involved in it—the period of its continuance, the trouble of conducting it in respect to witnesses, counsel and parties, their situation and number, travelling and other expenses, the time consumed in the trial, and the extent of the litigation afterwards. All these considerations enter into the question, whether the suit was an extraordinary one. Here the plaintiff lived in Rochester, the cause was tried here, the witnesses all lived here, and the counsel for plaintiff resided here. The amount of the taxable costs, also, are to be considered. This cause was tried with another at the same time, and plaintiff's attorney gets two full bills of costs—two term fees, and two fees for trial before referee of $15 and $12.

If this suit ends here, I can see no ground for an extra allowance; but if it should be litigated further, it might be a proper case for such allowance when the litigation is at an end. Unless the cause is to stop at this trial, it strikes me that these applications should not be made till all the litigation is ended.

These applications for an extra allowance are among the most embarrassing questions presented to the court. Knowing full well, as the judges do in many cases, that the labor, skill, and services of their professional brethren at the bar are quite inadequately compensated, these applications present a constant temptation to them to make up the deficiency by enlarging the boundaries of judicial discretion. But this should not be done. These statutes should be construed liberally, and executed fairly, like all other statutes, according to their intent; and the discretion they confer should be exercised carefully and discreetly, that no occasion may be given for their repeal on the ground that they are abused or misapplied. These considerations, duly appreciated by the bar, will relieve the courts of much embarrassment, and secure the best interests of the profession.

Motion denied.